UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DANIEL J PAULLI,
individually and on behalf of a class,

                    Plaintiffs,                    **COMPLAINT – CLASS ACTION**
                                                                 **JURY TRIAL DEMANDED**

    v.

FORSTER & GARBUS, LLP;
EQUABLE ASCENT FINANCIAL, LLC

                    Defendants.
--------------------------------------------------------X

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Forster & Garbus, LLP ("Forster") and Equable Ascent Financial, LLC ("Equable"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and New York's General Business Law §349.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g. GBL §349 generally prohibits deceptive acts and practices in the conduct of business.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue under 28 U.S.C. §1391 and personal jurisdiction in this District are proper because:

    a. Defendants' collection attempts were received by plaintiff within this District.

  5. Plaintiff is an individual who resides in New York.

  6. Defendant Equable Ascent Financial, LLC is a limited liability company chartered under Delaware law with offices at 160 N. Franklin, 3rd Floor in Chicago, Illinois, 60606.

  7. Equable buys defaulted consumer debts from others.

  8. As part of their strategy for collecting defaulted debts, Equable utilizes law firms devoted to the collection of consumer debts such as Forster.

  9. Equable pays pennies on the dollar for these defaulted debts and then seeks to collect the full amount.

  10. Equable is a debt collector as defined in the FDCPA.

  11. Forster is a debt collection law firm located at 60 Motor Parkway in Commack, New York 11725.

  12. Forster is a debt collector as defined in the FDCPA.

## FACTS

  13. On or about June 2, 2015 a letter was sent addressed to plaintiff from Forster attempting to collect a debt for Equable. See Exhibit A.

  14. The letter was attempting to collect a debt incurred for personal, family or household purposes.

  15. The letter was sent out with the knowledge and consent of the defendants.

  16. Substantially similar letters are regularly sent to collect delinquent debts by Forster for debts allegedly owed to Equable.

17. Equable is a foreign Delaware LLC and sent the collection letter dated June 2, 2015 at a time when its status to conduct business in New York was inactive. See Exhibit B which is a printout from the New York State Department of State, Division of Corporations stating regarding Equable's current status to conduct business in New York: "**Current Entity Status:** INACTIVE - Surrender of Authority (Dec 10, 2013)."

18. At the time of Forster's sending the collection letter to plaintiff Equable was not allowed to conduct business within New York. In fact, it was not allowed to conduct business since December 10, 2013.

19. Consumers in general would not search or have the ability or knowledge to search Department of State records to determine whether Equable's authority to do business is suspended or to determine whether Equable was prohibited from seeking to collect a debt from New York consumers based on the revocation of authority.

## VIOLATIONS ALLEGED

### Count I-FDCPA

20. Defendants conduct violates 15 U.S.C. §1692d, e or f.

21. Defendants are liable to Plaintiff for statutory damages pursuant to 1692k.

### COUNT II-GBL 349

22. The conduct of the defendants in collecting and attempting to collect monies owed when it was not allowed to constitutes a deceptive or misleading activity that is

directed at consumers and the public at large and caused consumers to suffer financial injuries of having increased debt and having money extracted from them.

23. As a result of the unlawful collection activity which the defendants engaged in, plaintiff is entitled to damages pursuant to GBL § 349.

## CLASS ALLEGATIONS

24. Plaintiff brings this class action on behalf of classes pursuant to Fed.R.Civ.P.23(a) and 23(b)(2) and 23(b)(3).

25. The first class consists of (a) all individuals (b) with a New York address (c) whom Defendants acting together, attempted to collect a consumer debt from on or after a date 1 year prior to the filing of this action.

26. The second class consists of (a) all individuals (b) with a New York address (c) who paid money on a consumer debt to Equable (d) or received a collection letter from Equable regarding a consumer debt on or after December 10, 2013.

27. The predominant question for the classes is whether Defendant's procuring of money judgments or attempting to collect money in New York despite its suspension of authority to do business and/or its being prohibited from bringing a legal proceeding violates New York law and/or the FDCPA.

28. Each class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

29. There are questions of law and fact common to each class, which common questions predominate over any questions relating to individual class members. The predominant common question in each class is whether the defendant violated GBL 349 or the

FDCPA by attempting to collect debts in the confines of New York State when it has not fully complied with the rules which would allow it to do so.

30. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

   a. Members of the classes are likely to be unaware of their rights;

   b. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

(1) Statutory damages;

(2) Declaratory relief that Equable engaged in activity that violated the law of New York and the FDCPA;

(3) Disgorgement of any collected monies by Equable from New York consumers beginning December 10, 2013;

(4) Attorney's fees, litigation expenses and costs of suit;

(5) Such other and further relief as the Court deems proper.

Dated: October 1, 2015

/s Shimshon Wexler
The Law Offices of Shimshon

Wexler, PC  
216 W. 104th St., #129  
New York, New York 10025  
Telephone: (212) 760-2400  
Fax: (917) 512-6132  
swexleresq@gmail.com

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

/s Shimshon Wexler

# EXHIBIT A

## FORSTER & GARBUS LLP
### A NEW YORK LAW FIRM

60 Motor Parkway
Commack, NY 11725-5710

| | |
|---|---|
| RONALD FORSTER - Adm. in NY Only | ANNETTE T. ALTMAN - Adm in NY Only |
| MARK A. GARBUS - Adm. in NY Only | OLIVIA DEBELLIS - Adm in NY Only |
| EDWARD J. DAMSKY - Adm. in NY Only | MICHAEL C. DIGIARO - Adm in NY & NJ |
| JOEL D. LEIDERMAN - Adm. in NY Only | RONALD J. FERRARO - Adm in NY & NJ |
| | MICHAEL J. FLORIO - Adm in NY Only |
| | AMY GAVLIK - Adm in NY Only |
| | TESS E. GUNTHER - Adm in NY & CT |
| | KEVIN M. KNAB - Adm in NY Only |
| | VALERIE E. WATTS - Adm in NY Only |

**PERSONAL & CONFIDENTIAL**

June 2, 2015

BALANCE DUE as of June 2, 2015 ▸ $11,025.01
Reference Number ▸ CQA1704491
Account Number ▸ XXX4491
**Re ▸ EQUABLE ASCENT FINANCIAL, LLC**

1-631-393-9400
1-877-319-6838 Ext. 375
**Representative Name: MR COHEN**
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST

DANIEL J PAULLI
6203 Villa At the Woods
Peekskill NY 10566-4968

Dear Daniel J Paulli,

This office has been authorized to advise you that a settlement of the above account can be arranged. To take advantage of this savings opportunity, please contact this office. Do not delay — call this office to take advantage of this opportunity.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

Office Location: 60 Motor Parkway • Commack, NY 11725-5710

FORSTER & GARBUS LLP as attorneys AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN ENCLOSED ENVELOPE

▲ DETACH HERE ▲

BALANCE DUE as of June 2, 2015 ▸ $11,025.01
Reference Number ▸ CQA1704491
**Re ▸ EQUABLE ASCENT FINANCIAL, LLC**

Rep. Code ▸ 1W
Date ▸ June 2, 2015

# EXHIBIT B

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through September 30, 2015.

Selected Entity Name: EQUABLE ASCENT FINANCIAL, LLC
Selected Entity Status Information

| | |
|---|---|
| Current Entity Name: | EQUABLE ASCENT FINANCIAL, LLC |
| DOS ID #: | 3905067 |
| Initial DOS Filing Date: | JANUARY 27, 2010 |
| County: | ALBANY |
| Jurisdiction: | DELAWARE |
| Entity Type: | FOREIGN LIMITED LIABILITY COMPANY |
| Current Entity Status: | INACTIVE - Surrender of Authority (Dec 10, 2013) |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
EQUABLE ASCENT FINANCIAL, LLC
160 N. FRANKLIN, 3RD FLOOR
CHICAGO, ILLINOIS, 60606

**Registered Agent**
NONE

This office does not require or maintain information regarding the names and addresses of members or managers of nonprofessional limited liability companies. Professional limited liability companies must include the name(s) and address(es) of the original members, however this information is not recorded and only available by viewing the certificate.

**\*Stock Information**

**# of Shares     Type of Stock     $ Value per Share**

No Information Available

*Stock information is applicable to domestic business corporations.

**Name History**

**Filing Date   Name Type         Entity Name**
JAN 27, 2010   Actual            EQUABLE ASCENT FINANCIAL, LLC

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS Homepage  |  Contact Us
